# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Robert L. Yoakem,           )
                            )
    Plaintiff,              ) Case No. 1:10-CV-639
                            )
  vs.                       )
                            )
Commissioner of Social      )
Security,                   )
                            )
    Defendant.              )

## O R D E R

This matter is before the Court on Magistrate Judge Litkovitz's Report and Recommendation of August 22, 2011 (Doc. No. 17) and Plaintiff Robert L. Yoakem's objections to the Report and Recommendation (Doc. No. 19). In her Report and Recommendation, Magistrate Judge Litkovitz concluded that the Administrative Law Judge's ("ALJ's") determination that Plaintiff is not disabled under the Social Security regulations, and therefore not entitled to receive disability insurance benefits and supplemental security income, was supported by substantial evidence. Therefore, Judge Litkovitz recommended that the ALJ's decision be affirmed and that this case be closed on the docket of the Court. For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ finding that Plaintiff

is not disabled under the Social Security regulations is **AFFIRMED.**

## I. Background

Given the Magistrate Judge's thorough recitation of the medical evidence in the case, as well as the ALJ's decision, and the perfunctory nature of Plaintiff's objections, a brief summary of the case is sufficient to resolve those objections.

Plaintiff filed a claim for disability insurance benefits and supplemental security income due to a heart condition and bipolar disorder. Plaintiff's appeal from the ALJ's decision, however, concerns only his mental impairments. Fairly summarized, the medical records concerning Plaintiff's mental impairments show a course of treatment for depression, anxiety, problems with sleep, and suicidal ideation, but with no intent to act out. Plaintiff's treating psychiatrist, Dr. Vickery, provided her office treatment notes; however, as Judge Litkovitz observed, Dr. Vickery never provided her opinion as to Plaintiff's mental residual functional capacity. In other words, Dr. Vickery did not provide an opinion as to how Plaintiff's mental impairments affect his ability to work.

There are also office notes from Plaintiff's therapist, Lynda Snellman. At one point Snellman indicated that Plaintiff has extreme limitations in social interaction, concentration, persistence and adaptation. On the other hand, Snellman

2

consistently gave Plaintiff Global Assessment of Functioning ("GAF") scores which indicated only mild symptoms or slight impairments in social and occupational functioning.

The ALJ obtained the opinion of Dr. Yerian, a consultative psychologist. After an interview, Dr. Yerian diagnosed Plaintiff with Schizoaffective Disorder, Bipolar Type and Obsessive Compulsive Disorder. Dr. Yerian assigned Plaintiff a GAF score of 41, which indicates serious impairments in social and occupational functioning. In terms of work-related abilities, Dr. Yerian indicated that Plaintiff is moderately impaired in his ability to relate to others, not limited or impaired in memory, not limited in his ability to understand, remember, and follow simple instructions, markedly impaired in maintaining concentration and pace, and severely limited in his ability to withstand the stress and pressures of everyday work.

The ALJ also received mental RFC assessments from reviewing psychologists Dr. Tishler and Dr. Stailey-Steiger. Dr. Tishler opined that Plaintiff's mental impairments were mild to moderate in all areas. Dr. Stailey-Steiger reviewed the record evidence and affirmed Dr. Tishler's RFC.

In his decision, the ALJ determined that Plaintiff has the mental RFC to perform low stress work, which he defined as simple, repetitive tasks, with no contact with the public and only minimal or superficial contact with supervisors and

coworkers.  The ALJ noted also that this was the appropriate mental RFC for Plaintiff at his most limited since recent evidence suggested that Plaintiff has no mental limitations at all.  In developing Plaintiff's mental RFC, the ALJ gave Dr. Yerian's opinion "some weight" insofar as it was consistent with the RFC the ALJ adopted.  In other words, the ALJ apparently accepted Dr. Yerian's opinion concerning Plaintiff's ability to remember and follow simple and complex instructions and his reduced ability in social functioning, but rejected his opinion that Plaintiff has marked or severe limitations in maintaining concentration and pace and withstanding work pressures.  The ALJ also discounted Dr. Yerian's opinion because it was based on Plaintiff's subjective reports of symptoms and limitations.

The ALJ declined to give Snellman's opinion great weight because as a social worker, her opinion does not constitute acceptable medical evidence.  The ALJ noted, however, that Snellman's assessment that Plaintiff has extreme mental limitations was inconsistent with the GAF ratings she gave Plaintiff which indicated only mild impairments.  The ALJ also discounted Snellman's opinion because she appeared to accept uncritically Plaintiff's subjective reports of symptoms and limitations.

The ALJ summarized Dr. Vickery's office treatment notes, but, as indicated, she did not provide any opinions for the ALJ to accept or reject.

The ALJ eventually denied Plaintiff's claim for benefits at the fifth step of the sequential evaluation process. Based on the testimony of the vocational expert, the ALJ found that there are a substantial number of jobs available in the national economy that Plaintiff can perform given his mental and physical RFC. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security regulations.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner of Social Security. Plaintiff then filed a timely complaint for review of the ALJ's decision with this Court.

Plaintiff raised one claim in his statement of specific errors - the ALJ in rejecting the opinions of his treating counselor, Lynda Snellman, his treating psychiatrist, Dr. Vickery, and the evaluating psychologist, Dr. Yerian.

In her Report and Recommendation, Judge Litkovitz thoroughly reviewed the medical evidence related to Plaintiff's mental impairments. With respect to Plaintiff's treating psychiatrist, Judge Litkovitz observed that Plaintiff had failed to point out any opinion, treatment notes, or clinical findings

5

of Dr. Vickery indicating marked deficiencies in concentration or the ability to withstand the stress of work. Additionally, Judge Litkovitz noted that Dr. Vickery's records indicated that Plaintiff's mental impairments improved over time with treatment. Judge Litkovitz noted that as a social worker, Snellman's opinion was not entitled to be treated as a medical opinion and that the ALJ evaluated her opinion in accordance with the applicable regulations. Finally, Judge Litkovitz concluded that the ALJ also properly evaluated Dr. Yerian's opinion, noting in particular that Dr. Yerian's opinion was in conflict with the opinions of the state agency reviewing psychologists. Accordingly, Judge Litkovitz recommended that the ALJ's decision be affirmed.

Plaintiff filed timely objections to Judge Litkovitz's Report and Recommendation. Plaintiff's objections do little more than reiterate his contention that the ALJ erred in the weight he accorded the opinions of Lynda Snellman and Drs. Vickery and Yerian. Plaintiff states further that the ALJ failed to give good reasons for rejecting the opinions of these individuals.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the

ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

Plaintiff contends that the ALJ failed to give good reasons for rejecting the favorable opinions of Lynda Snellman, Dr. Yerian and Dr. Vickery. The ALJ, however, clearly did not err in her assessment of the medical evidence.

Under the Social Security regulations, the opinions of treating sources are generally entitled to controlling weight if

7

they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence in the case record." Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242 (6th Cir. 2007). The ALJ is required to provide "good reasons" for rejecting or discounting the opinion of a treating source. Id. at 242. The ALJ must be reasonably clear as to the weight he or she gave to a treating source opinion and the reasons for that weight. Id.

In this case, however, as Judge Litkovitz correctly wrote, while Dr. Vickery's treatment notes were in the record, she never provided any opinion that addressed the effect, if any, that Plaintiff's mental impairments have on his ability to work. Nor, as Judge Litkovitz observed, were there any such statements or opinions in her office treatment notes. Therefore, there was no treating source opinion for the ALJ to accept or reject. Thus, the ALJ did not violate the "good reasons" rule. Moreover, as Judge Litkovitz noted, Dr. Vickery's notes indicate that Plaintiff's mental impairments improved with treatment to the point where he stopped counseling because he had been relatively stable over many months and things in his life were going better. Tr. 626. The ALJ also stated that new evidence suggested that Plaintiff has no mental limitations at all. Tr. 19. The ALJ simply did not err in evaluating the medical evidence from Dr. Vickery.

As a social worker, Lynda Snellman's opinions were not entitled to any weight at all. Boyett v. Apfel, 8 Fed. Appx. 429, 433 (6th Cir. 2001). The ALJ, nevertheless, considered Snellman's opinions to the extent they reflected on Plaintiff's ability to work, 20 C.F.R. § 404.1513(d)(3), and accurately noted the discrepancies between her conclusion that Plaintiff has extreme mental limitations and the relatively benign GAF scores she assigned him. The ALJ, therefore, did not err in the weight she assigned to Snellman's opinions.

Finally, the ALJ did not err in the weight she assigned Dr. Yerian's opinion. As indicated, the ALJ rejected that part of Dr. Yerian's opinion concluding that Plaintiff has marked deficiencies in maintaining concentration and pace and the ability to withstand the stress of work. Again, however, there was substantial evidence to support this determination. As a consultative examiner, Dr. Yerian's opinion was not entitled to any deference. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994. Moreover, as the ALJ noted, Dr. Yerian's opinion was not consistent with the mental RFC provided by Dr. Tishler and approved by Dr. Stailey-Steiger. Dr. Yerian's opinion was also contradicted by the record as a whole, in particular the evidence showing substantial improvement in Plaintiff's mental impairments. Therefore, the ALJ did not err in evaluating Dr. Yerian's opinion.

<u>Conclusion</u>

For the reasons stated above, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED. THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date November 22, 2011          s/Sandra S. Beckwith
                                Sandra S. Beckwith
                        Senior United States District Judge